SCANNED
DATE: 2-2-04
BY: [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK E. FEINERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC., et al.,<br><br>    Defendants. | Civil Action<br>No. 03-12474 (MLW) |
| MARIA DAGOSTINO-GANNON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PUTNAM INVESTMENTS TRUST, et al.,<br><br>    Defendants. | Civil Action<br>No. 03-12475 (GAO) |

### BRIEF OF CYNTHIA PULEO AS *AMICUS CURIAE* IN OPPOSITION OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD COUNSEL

Derivative Plaintiff Cynthia Puleo ("Puleo") respectfully submits, as *Amicus Curiae*, this Brief in Opposition of Plaintiffs Feinerstein and Dagostino-Gannon's Motion for Reassignment and Transfer Pursuant to Local Rule 40.1. Puleo is a Plaintiff in the matter captioned *Puleo v. Putnam, LLC, et al.*, No. 03-CV-12527 (D. Mass.) currently before Judge Tauro.

### INTRODUCTION

Since September 16, 2003, various plaintiffs have filed numerous actions against Defendants alleging misconduct in improper market timing activities in certain Putnam

mutual funds. Over sixty (60) related actions have been filed in various jurisdictions alleging damages on behalf of the funds themselves or on behalf of other shareholders. The Putnam Defendants filed a petition with the Judicial Panel on Multidistrict Litigation ("MDL Panel") requesting that the cases filed in federal courts in Massachusetts, New York, California, Illinois and Delaware be consolidated and transferred to the same court and before the same judge.

Plaintiffs' counsel in various actions have filed numerous motions to be appointed lead counsel in the consolidated Putnam litigation. Plaintiffs Feinerstein and Dagostino-Gannon filed a Motion for Reassignment and Transfer Pursuant to Local Rule 40.1 before this Court on January 8, 2004. They seek to appoint the law firms of Cauley Geller and Bernstein Liebhard as co-lead counsel for the consolidated action.

## ARGUMENT

Plaintiff Pulco respectfully requests that this Court stay a determination as to how to structure the case and appoint persons and firms for roles of leadership and administration of the case until such time that the MDL Panel has ruled the Motion to Transfer and Consolidate currently before it and there is a determination made as to which court the cases will be sent to.

I.  **The Court Should Stay its Decision on Consolidation of the Putnam Funds Actions Until Such Time as the Judicial Panel on Multidistrict Litigation has Ruled on the Motion for Transfer and Coordination or Consolidation Currently Before It.**

Plaintiffs Feinerstein and Dagostino-Gannon filed a Motion for Reassignment and Transfer Pursuant to Local Rule 40.1 before this Court on January 8, 2004. Plaintiffs Feinerstein and Dagostino-Gannon seek to consolidate their two actions before the MDL

1

panel has ruled on the Motion for Transfer and Coordination or Consolidation currently before it.

> The Manual for Complex Litigation (Third) § 20.21 (1995), states:
>
>> The added demands and burdens of complex litigation place a premium on professionalism. An attitude of counsel of cooperation, professional courtesy and acceptance of the obligations owed as officers of the court is critical to successful management of the litigation.... They need to communicative constructively and civilly with one another and attempt to resolve disputes informally as much as possible.

Plaintiffs Feinerstein and Dagostino-Gannon have not followed the directive of the Manual for Complex Litigation and have not attempted to resolve disputes informally with other Plaintiffs' counsel. In addition to the above captioned matters, there are numerous other class actions and derivative actions pending in various jurisdictions. Plaintiffs Feinerstein and Dagostino-Gannon filed their motion without any coordination with Plaintiffs' counsel in any of the nearly sixty other cases pending before the MDL panel and without attempting to reach an agreement about case management and structure with other Plaintiffs' counsel, derivative or otherwise.

A decision on consolidation or structure of the case is inappropriate at this stage of the litigation. Asking this Courts to reach a decision on the consolidation and structure of the cases at this stage of the litigation is a waste of judicial resources given that any decision reached now will be moot once the MDL panel rules. Only the court to which all the cases are transferred can make a proper assessment of potential or actual conflicts between class and derivative actions and only at that time can a decision be made.

Courts often grant stays pending a ruling by the MDL Panel to avoid duplicative costs that waste judicial resources and to promote consistent rulings. See, e.g., *U.S.*

2

*Bank, Nat'l Ass'n v. Royal Indem. Co.*, 2002 U.S. Dist. LEXIS 17837 (N.D. Tex. Sept. 23, 2002). In *U.S. Bank, Nat'l Ass'n*, the court granted a stay of proceedings until the MDL panel had ruled because "if the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *Id.* at 6. This is particularly important in this case where over sixty related actions have been filed in various jurisdictions. Judicial resources will be wasted if no stays are granted in this action and the MDL Panel consolidates and transfers all related actions to a single court

Derivative Plaintiff Puleo respectfully requests that this court stay its decision on consolidation of the cases until such time that the MDL panel has ruled on the motion to consolidate before it. Only at that time can the Court make a decision on the proper structure of the case and efforts before then are not in the best interest of the parties or in the interest of judicial economy.

**II.     The Court Should Stay its Decision on Appointment of Lead Counsel in Plaintiffs Feinerstein and Dagostino-Gannon's Consolidated Action Until Such Time as the Judicial Panel on Multidistrict Litigation has Ruled on the Motion for Transfer and Coordination or Consolidation Currently Before It.**

The motion filed by Plaintiffs Feinerstein and Dagostino-Gannon seeks to appoint the law firms of Cauley Geller and Bernstein Liebhard as co-lead counsel for their consolidated action. Nevertheless, Plaintiffs Feinerstein and Dagostino-Gannon's counsel have not communicated with other Plaintiffs counsel to try to reach a consensus on the leadership structure of the consolidated case.

*The Manual For Complex Litigation* (Third) § 20.22 (1995), encourages attorneys to "coordinate their activities without the court's assistance to eliminate duplication of effort..." These provisions apply under the circumstances. However, given the pendency

3

of the matters before the MDL Panel coordination of counsel should occur prior to pressing such motions and only after the MDL Panel has ruled. At the time that all Putnam Funds cases are consolidated, Plaintiffs' counsel will have an obligation to propose a leadership structure and try to reach an agreement with other Plaintiffs' counsel

Plaintiffs' Feinerstein and Dagostino-Gannon respectfully request that this Court stay a decision on the appointment of lead counsel until such time as the MDL panel has ruled on the Motion to Transfer and Coordination or Consolidation currently before it. It is judicially inefficient to attempt to reach a leadership structure, by means of motions to the Court or though reaching an agreement with other Plaintiffs' counsel, before the MDL panel rules.

## CONCLUSION

For all the above stated reasons, Derivative Plaintiff Puleo, respectfully requests that any ruling on Plaintiffs' Feinerstein and Dagostino-Gannon's Motion for Reassignment and Transfer Pursuant to Local Rule 40.1 be stayed pending a ruling by the MDL Panel.

Dated: January 30, 2004               Respectfully submitted,

*/s/ Thomas M. Sobol*

**HAGENS BERMAN, LLP**
Thomas M. Sobol, BBO No. 471770
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**HAGENS BERMAN, LLP**
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

Facsimile: (206) 623-0594
**Of Counsel**

**SPECTOR, ROSEMAN & KODROFF, P.C.**
Jeffrey L. Kodroff
William G. Caldes
1818 Market Street, Suite 2500
Philadelphia, Pa. 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**Of Counsel**

5