# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK E. FEINERSTEIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) CIVIL ACTION NO. 03-12474-MLW ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MARSH & MCLENNAN COMPANIES, INC, PUTNAM INVESTMENTS TRUST, PUTNAM INVESTMENT MANAGEMENT LLC, PUTNAM INVESTMENT FUNDS, PUTNAM INTERNATIONAL CAPITAL OPPORTUNITIES FUND, PUTNAM INTERNATIONAL EQUITY FUND, PUTNAM INTERNATIONAL GROWTH AND INCOME FUND, PUTNAM INVESTORS FUND, and DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

[caption continued on next page]

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MARIA DAGOSTINO-GANNON, Individually and )
On Behalf of All Others Similarly Situated, )
                                    )
                  Plaintiff,        )
                                      )
             vs.                  )
                                      )
PUTNAM INVESTMENTS TRUST, PUTNAM )
INVESTMENT MANAGEMENT LLC, PUTNAM )
INVESTMENT FUNDS, MARSH & MCLENNAN )
COMPANIES, INC., PUTNAM INTERNATIONAL )
CAPITAL OPPORTUNITIES FUND (formerly )
known as the PUTNAM INTERNATIONAL )
VOYAGER FUND), PUTNAM INTERNATIONAL )
EQUITY FUND, PUTNAM INTERNATIONAL )
GROWTH AND INCOME FUND, PUTNAM )
INTERNATIONAL NEW OPPORTUNITIES )
FUND, PUTNAM EUROPE GROWTH FUND, )
PUTNAM INTERNATIONAL GROWTH FUND, )
PUTNAM GLOBAL EQUITY FUND, PUTNAM )
EUROPE EQUITY FUND, PUTNAM )
INTERNATIONAL GROWTH FUND, PUTNAM )
INTERNATIONAL GROWTH AND INCOME )
FUND, PUTNAM INTERNATIONAL NEW )
OPPORTUNITIES FUND and DOES 1 - 100, )
                                      )
                Defendants.     )

**CIVIL ACTION NO. 03-12475
(GAO)**

Plaintiffs in the actions styled: *Mark E. Feinerstein, Individually and on Behalf of All Others Similarly Situated v. Marsh & McLennan Companies, Inc., Putnam Investments Trust, Putnam Investment Management LLC, Putnam Investment Funds, Putnam International Capital Opportunities Fund, Putnam International Equity Fund, Putnam International Growth and Income Fund, Putnam Investors Fund, and Does 1-100*, 03-12474 (MLW) (the *"Feinerstein Action"*) and *Maria Dagostino-Gannon, Individually and on Behalf of All Others Similarly Situated v. Putnam Investments Trust, Putnam Investment Management Llc, Putnam Investment Funds, Marsh & Mclennan Companies, Inc., Putnam International Capital Opportunities Fund (Formerly Known as the Putnam International Voyager Fund), Putnam International Equity Fund, Putnam International Growth and Income Fund, Putnam International New Opportunities Fund, Putnam Europe Growth Fund, Putnam International Growth Fund, Putnam Global Equity Fund, Putnam Europe Equity Fund, Putnam International Growth Fund, Putnam International Growth and Income Fund, Putnam International New Opportunities Fund and Does 1 - 100*, 03-12475 (GAO) (the *"Gannon Action"*), submit this memorandum of law in opposition to the Joint Motion of Defendants to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. In connection therewith, plaintiffs state as follows:

## **INTRODUCTION**

Defendants' stay motion is an attempt to delay the inevitable litigation of these cases. Such a stay, during the pendency of a motion before the Panel on Multidistrict Litigation (the "Panel"), however, is contrary to Rule 1.5 of the Panel which provides that the pendency of an MDL application "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." R. Proc. Jud. Panel Multidist. Litig. 1.5.

In any event, these cases should remain in this Court. The "center of gravity" of the actions filed against Putnam (and its related entities) is in Massachusetts, where many of the federal actions are pending and the witnesses and documents are located. Therefore, it is likely that all of the Putnam mutual fund cases will be transferred to and/or consolidated and coordinated in this District.

Moreover, notwithstanding the pending MDL motions, plaintiffs believe that their actions are unique, in that they are brought pursuant to Section 34(b) of the Investment Company Act of 1940 (the "1940 Act"), which provides redress for material misrepresentations and omissions made in connection with mutual fund registration statements and prospectuses. Thus, plaintiffs' continued litigation of their actions in this Court poses little risk of duplicative rulings and/or waste of judicial resources. Rulings made by this Court on plaintiffs' federal claim will likely not be duplicated in any other court.

The *Feinerstein Action* and the *Gannon Action,*[1] because they are not brought pursuant to either the Securities Act of 1933 or the Securities Exchange Act of 1934, are not subject to any of the provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the PSLRA's lead plaintiff, lead counsel and discovery stay provisions. Conversely, many of the other cases filed against Putnam with respect to its mutual funds are subject to the provisions of the PSLRA. The PSLRA sets forth a process for the appointment of lead plaintiff and the selection of lead counsel in cases in which the statute applies. Among other things, within sixty days of the publication of the statutorily mandated notice announcing the filing of a securities fraud action under the PSLRA (which is to be made within twenty days of the filing of the action), putative class members who would like to serve as lead plaintiff in those actions are required to file motions for appointment as lead plaintiff and approval of lead counsel. Disputes relating to the appointment of

---

[1]    On or about, January 8, 2004, counsel sought to consolidate *Gannon Action* with the *Feinerstein Action*. That motion is still pending.

lead plaintiff in these cases can take months to resolve. This is especially true in this case given the fact that the selection of lead plaintiff in the PSLRA mutual fund cases is likely to be a complicated process. Because the *Feinerstein Action* and the *Gannon Action* are not subject to the PSLRA and, therefore, are not subject to the lead plaintiff process, plaintiffs should be permitted to continue to prosecute their cases, including the scheduling and conducting of a Rule 16 conference with the Court to begin discovery in the case. Also, contrary to defendants' arguments, there is no real threat of duplicative discovery in these cases. The PSLRA cases are subject to a statutorily mandated discovery stay until their complaints are sustained against defendants' inevitable motions to dismiss. Defendants do not and cannot argue that discovery in these cases should be stayed until after the motions to dismiss are denied in the PSLRA cases. Thus, discovery in these cases will likely occur well before discovery is commenced in the PSLRA cases. In any event, to the extent that plaintiffs conduct discovery in the *Feinerstein Action* and the *Gannon Action*, such discovery can be shared (with permission) with the other plaintiffs in the other Putnam actions at the appropriate time.

For these reasons, and the others discussed below, the *Feinerstein Action* and the *Gannon Action* should be permitted to proceed and defendants' motion should be denied.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The *Feinerstein Action* and *Gannon Action* are federal class actions which allege violations of Section 34(b) of the Investment Company Act of 1940, breaches of fiduciary duty, and common law fraud, brought on behalf of all purchasers, redeemers, and holders of the mutual fund shares or other ownership interests of one or more of the mutual funds in the Putnam family of funds from November 1, 1998 through September 3, 2003.

Plaintiffs allege that defendants permitted certain investors to engage in improper "market-timing" trades in exchange for the investors' contribution to the funds managed by Putnam.[2] Because the fund managers' fees are typically a percentage of the assets in the funds, defendants directly profited from the increase in the funds' overall asset value. In addition, the market-timers often made long-term investments in one of Putnam's financial vehicles (*e.g.*, bond or hedge funds), known as "sticky assets." Again, the increase in the asset value of these financial vehicles increased the fees payable to the fund managers.

These arrangements were never disclosed to mutual fund investors. On the contrary, many of the relevant mutual fund prospectuses contained materially misleading statements assuring investors that the fund managers discouraged and worked to prevent mutual fund timing. Furthermore, the prospectuses failed to disclose and misrepresented the following material and adverse facts: (a) that defendants had entered into an agreement allowing certain mutual fund customers to time their trading of the Putnam Funds shares; (b) that, pursuant to that agreement, certain customers regularly timed their trading in the Putnam Funds shares; (c) that, contrary to the express representations in the prospectuses, the Putnam Funds enforced their policy against frequent traders selectively, rarely and inconsistently.

On November 12, 2003, the defendants filed a petition with the MDL Panel to transfer and consolidate and/or coordinate all the Putnam mutual fund actions before a single judge. On January 29, 2004, the Panel conducted a hearing concerning defendants' petition.

---

[2]     "Market-timing" is an investment technique involving frequent short-term trading of mutual fund shares which exploits inefficiencies in the way mutual funds price their shares. Market-timing dilutes the returns for long-term shareholders and, therefore, certain mutual funds have employees ("timing police") to detect "timers" and stop these trading practices. In addition, market-timed trades increase the funds' transaction costs, as well as other costs, to the detriment of the long-term investors.

## ARGUMENT

## II.    THE REQUESTED STAY SHOULD BE DENIED

Defendants argue this action should be stayed because of their pending MDL motion. This request, however, is contrary to the rule governing Multidistrict Litigation. Rule 1.5 of the Judicial Panel on Multidistrict Litigation provides in relevant part:

> The pendency of a motion . . . pursuant to § 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R. Proc. Jud. Panel Multidist. Litig. 1.5.[3] *See Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Petitions for consolidation and transfer pending before the Panel [. . . ] do not affect . . . pretrial proceedings. . . .") (citations omitted). Indeed, courts routinely deny motions to stay while MDL motions are pending. *See McGrew v. Schering-Plough Corp.*, No. CIV. A. 01-2311-GTV, 2001 WL 950790, at * 3 (D. Kan. Aug. 6, 2001) ("The court discern[ed] no reason to stay the proceedings. . . ."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) (The court held that there was no reason to delay proceeding); *Bellinder v. Microsoft Corp.*, No. CIV. A. 99-2578, 2000 WL 575021, at * 2 (D. Kan. Mar. 24, 2000) ("No great judicial economy will be realized from a delay"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation"); *D&G Enters. v. Continental Illinois Nat'l Bank & Trust Co.*, 574 F. Supp. 263, 265 (N.D. Ill. 1983) (MDL Panel stayed transfer order pending district court's resolution of motion to dismiss); *Tortola Rest., L.P. v.*

---

[3]    *See also* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "shall be construed and administered to secure the just, *speedy*, and inexpensive determination of every action") (emphasis added).

*Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal.1997) (denying stay motion and addressing merits of motion to remand).

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360. Consideration of these factors simply does not support issuance of a stay in this case.

## A.    The Potential Prejudice To Plaintiffs Feinerstein and Gannon

The *Feinerstein Action* and *Gannon Action* should not be stayed. As explained above, plaintiffs have brought a unique claim under Section 34(b) of the 1940 Act that they are entitled to litigate expeditiously. Plaintiffs' claims are not subject to the lead plaintiff and stay provisions of the PSLRA. Thus, there is no reason why plaintiffs' action should remain dormant for months while the proceedings in the MDL (which may involve lengthy and comprehensive proceedings with respect to the lead plaintiff determination under the PSLRA), drag on. Indeed, there have been other cases filed against Putnam which are not subject to the PSLRA, including several derivative actions, and it appears that those cases are proceeding at this time. There is, therefore, no reason that all proceedings in the *Feinerstein Action* and *Gannon Action*, including discovery, should be stayed.

Moreover, in making their motion to stay, defendants are attempting to prejudge the outcome of the MDL motion. There is, however, no reason to transfer, consolidate and/or coordinate the Putnam mutual fund cases in any district other than the District of Massachusetts. The majority of the relevant documents and non-party witnesses are located in Massachusetts and the principal alleged wrongful conduct occurred in this District. Accordingly, most of the discovery will take place in Massachusetts. The just and efficient conduct of the litigation, as well as the convenience

of the parties and witnesses, militates in favor of the continuation of the *Feinerstein Action* and *Gannon Action* in this Court.[4] Thus, the *Feinerstein Action* and *Gannon Action* should not be stayed.

## B.    Hardship and Inequity To The Moving Party If The Actions Are Not Stayed

Because plaintiffs assert a unique 1940 Act claim, and because defendants will have to face the merits of plaintiffs' claims sooner or later, there is no hardship to the defendants in allowing these actions to proceed at this time. Also, because plaintiffs have brought a unique claim it is likely that there will be no inconsistent rulings by other courts with respect thereto. The discovery in this case will be targeted and focused and, subject to Court approval, plaintiffs can share their discovery with other plaintiffs who have brought other actions against Putnam. Indeed, it is not unusual in cases of this type to have a central repository for documents that are shared by litigants in similar cases. Furthermore, due to the lead plaintiff proceedings and the discovery stay in the PSLRA cases, it is possible that discovery in those cases may not take place for months or even years. Given that timetable, it will be plaintiffs who will be harmed by a stay of these actions. Clearly, as time proceeds without discovery, documents are lost and the memories of witnesses fade.

## C.    <u>Staying These Actions Will Not Conserve Judicial Resources</u>

Defendants have failed to demonstrate that judicial resources would be saved as a result of a stay of the actions. *See Schering-Plough Corp.*, 2001 WL 950790, at * 3. In light of the fact that the District of Massachusetts is the locus of the actions, this case will most likely be litigated in this District. Furthermore, if these cases are transferred from this Court, any rulings and/or schedules issued by this Court will be applicable in the transferor court. Because this Court can resolve preliminary matters while the MDL Panel deliberates on the MDL motions to transfer, such delays

---

[4]    Indeed, Putnam has requested that the cases be transferred and consolidated and coordinated in this District. Def. Mem. at 4.

and/or stays are "rarely advisable." *Weisman v. Southeast Hotel Props. Ltd. P'ship*, No. 91 Civ.

6232, 1992 WL 131080, at \*6 (S.D.N.Y. June 1, 1992) (citations omitted).

**CONCLUSION**

For all the foregoing reasons, plaintiffs respectfully request that the Court deny Defendants'

Joint Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict

Litigation.

Dated: February 5, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

**CERTIFICATE OF SERVICE**

I Hereby Certify That A True Copy of
The Above Document Was Served Upon
The Attorney Of Record For Each Other
Party By Mail (By Hand) On 2/5/04

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
U. Seth Ottensoser
Timothy J. MacFall
10 East 40th Street
New York, NY 10016
Phone: (212) 779-1414
Fax: (212) 779-3218

*Attorneys for Plaintiff Mark E. Feinerstein*

**CAULEY GELLER BOWMAN
& RUDMAN, LLP**
Samuel H.  Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
(631) 367-7100

*Attorneys for Plaintiff Maria Dagostino-Gannon*

# GILMAN AND PASTOR, LLP

### ATTORNEYS AT LAW

STONEHILL CORPORATE CENTER
999 BROADWAY, SUITE 500
SAUGUS, MASSACHUSETTS 01906

TELEPHONE: 781/231-7850

FACSIMILE: 781/231-7840

WWW.GILMANPASTOR.COM

February 5, 2004

**VIA HAND DELIVERY**

Dennis O'Leary, Clerk to the
Hon. Mark L. Wolf
United States District Court
  for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Paul Lyness, Clerk to the
Hon. George A. O'Toole, Jr.
United States District Court
  for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:  Mark E. Feinerstein v. Marsh & McClennan Companies, Inc., et al.
     C.A. No. 03-12474 (MLW)

     Maria Dagostino-Gannon v. Putnam Investments Trust, et al.
     C.A. No. 03-12475 (GAO)

Dear Messrs. O'Leary and Lyness:

In connection with the two above-captioned civil actions, I am enclosing two originals of each of the following:

Plaintiffs' Opposition to Defendants' Joint Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation

Because the Opposition submitted herewith involves cases assigned to two different judges, we have included duplicate originals of these papers.

Thank you for your assistance in this matter.

Very truly yours,

David Pastor

DP/jw
Enclosures
cc:    All Counsel (as per attached service list)

00001649.WPD ; 1